UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Raymond & Raymond, Esqs.
Attorneys at Law
7 Glenwood Avenue, 4ᵀᴴ Floor
East Orange, New Jersey 07017
Telephone: (973) 675-5622
Telefax: (408) 519-6711
Email: herbertraymond@gmail.com
Herbert B. Raymond, Esq.
Jeffrey M. Raymond, Esq.
Kevin DeLyon, Esq.
Attorneys for the Debtor(s)

**Order Filed on June 30, 2022
by Clerk,
U.S. Bankruptcy Court
District of New Jersey**

In Re:

FOLASHADE A. BABALOLA, DEBTOR(S)

Case No.: 19-32865 SLM

Chapter 13

Hearing Date: 6/30/2022 @ 10:00 A.M.

Judge: Stacey L. Meisel

ORDER AUTHORIZING SALE OF REAL PROPERTY

The relief set forth on the following pages is hereby **ORDERED**.

Recommended Local Form:              XXXXX
                        ----- Followed   ----- Modified

**DATED: June 30, 2022**

*Stacey L. Meisel*
Honorable Stacey L. Meisel
United States Bankruptcy Judge

Upon the Debtor's motion for authorization to sell real property commonly known as 38 Yates Avenue, Newark, New Jersey (Real Property)

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property upon the terms and conditions of the contract of sale pursuant to 11 U.S.C. Sections 363(b) and 1303.

2. The proceeds of the sale shall be applied to pay in full, at closing, the mortgage on the real property which is held by SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of LB-Igloo Series IV Trust, its successors and/or assigns, who shall be paid in full out of the proceeds of the sale, pursuant to a valid payoff, requested by the Debtor by counsel and to be provided by the Secured Creditor before the closing.

    a. Any other ordinary course, statutory or municipal obligations, pertaining to the property, including, but not limited to real estate taxes and/or water/sewer charges, must also be paid, in full at closing.

3. The sum of $8,500, representing plan obligations, from the sale proceeds, must be remitted to Raymond & Raymond, Esqs., Herbert B. Raymond, Esq., Debtor's counsel.  The sale proceeds are to be used to payoff the plan, providing for complete (100%) payment, as to unsecured claims.

4. Real Estate Counsel to the Debtor, Lawrence Friscia,

Esq., is to be paid the sum of $1,500[1] at closing, consistent with the retainer agreement with the Debtor.

5. Other closing fees and costs, must be satisfied from the sale proceeds.

6. The balance of the sale proceeds, after payment of the obligations noted in this order, are to be remitted to the Debtor, at closing, after review by Special Counsel, with the approval of Debtor's counsel.

7. A copy of the executed settlement statement must be provided to Debtor's bankruptcy counsel, to then be provided to the Chapter 13 Trustee, through Debtor's counsel, within fourteen (14) days of closing.

8. Other provisions:

   a. The Debtor reserves the right to challenge any payoff statement, quote, letter, etc.  Paying off any obligation at closing does not preclude the Debtor from later challenging the amount due and owing.  Paying off any closing obligation, including but not limited to any lien, judgment, mortgage or statutory obligation, does not prejudice or preclude the Debtor from later challenging the amount due.

   b. The fourteen (14) day stay provided by Bankruptcy Rule 6004(h) be and is hereby waived.  The sale may proceed immediately.

---

[1] Or such amount as consistent with the Retainer Agreement should there be additional services provided to the Debtor.  The retainer agreement is filed as an Exhibit to Special Counsel's Retention Application.